# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

YOLANDA DANIELS
In re Carrie Williams,

        Plaintiff,

    v.                                                       Case No. 09-CV-648

MARIAN FRANCISCAN CENTER and
WHEATON FRANCISCAN HEALTHCARE,

        Defendants.

_____

## ORDER

*Pro se* plaintiff Yolanda Daniels ("Daniels") alleges claims against defendants Marian Franciscan Center and Wheaton Franciscan Healthcare arising from the death of her aunt, Carrie Williams ("Williams"). In her very brief complaint, Daniels alleges that the nursing home staff at Marian Franciscan Center allowed Williams to develop a bedsore that became septic, resulting in her death. Daniels did not plead a basis for the court's jurisdiction and the existence of subject matter jurisdiction was not apparent from the four-line statement of Daniels's claim. Given the plaintiff's *pro se* filing status, the court allowed her an opportunity to show cause why her case should not be dismissed for lack of subject matter jurisdiction. Daniels responded by filing a one-page statement. The statement did not mention Wheaton Franciscan Healthcare at all, and mentions Marian Franciscan Center in only one line, stating: "When my aunt was at Marian Franciscan nursing home she called me once again to pick her up only to find out that, they would not let her leave with me."

(Pl.'s Letter, Docket #5). The majority of Daniels's response deals with the actions of parties Daniels is suing in other lawsuits. (*See Daniels v. George*, 09-CV-649; *Daniels v. Mayer*, 09-CV-650; *Daniels v. Easter Seals*, 09-CV-651).

As this court previously advised the plaintiff, it may only exercise jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. § 1331, or cases involving diverse parties where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007); *Andrews v. E.I. Du Pont de Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). Subject matter jurisdiction does not exist under either statute here. First, Daniels's claim regarding negligent care provided by the defendants, resulting in her aunt's unfortunate death, does not arise under federal law, treaties, or the U.S. Constitution. Daniels's response does nothing to clarify for the court that her complaint alleges a federal claim. Second, Daniels's complaint reveals that all parties are citizens of Wisconsin. Therefore, complete diversity does not exist between the plaintiff and all defendants. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Consequently, the court cannot exercise jurisdiction over Daniels's lawsuit and will dismiss the case.

Accordingly,

**IT IS ORDERED** that Daniels's complaint (Docket #1) be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Case 2:09-cv-00648-JPS   Filed 09/22/09   Page 2 of 3   Document 6

**IT IS FURTHER ORDERED** that Daniels's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED as moot**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge